IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALBERT, | : |
| PETER BALCHUS, | : |
| JASON CHRISTIANO, | : **COMPLAINT** |
| KENNETH CZYZYK, | : No. |
| MICHAEL GRIMES, | : |
| DAVID GULLONE, | : |
| EDWARD KOWALYK, | : |
| STEVEN MARINO, | : |
| DELWIN MORGAN, and | : |
| ROGER J. ROGALEWICZ, | : |
| Plaintiffs | : |
| v. | : |
| CITY OF SCRANTON, and | : |
| THE HONORABLE CHRISTOPHER A. DOHERTY, | : |
| Defendants | |

**COMPLAINT**

## PRELIMINARY STATEMENT

1. This is a civil rights action seeking monetary, declaratory and injunctive relief to redress and prevent the deprivation under color of state law and to protect rights, privileges and immunities under the Fourteenth Amendment of the United States Constitution. Plaintiffs are police officers or fire fighters employed by the City of Scranton who were injured in the course of their duties and who, pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637, are collecting disability benefits ("Heart and Lung Benefits" or "benefits"). Defendants have deprived Plaintiffs of property and procedural due process by unilaterally terminating the benefits without providing a pre- or post-deprivation hearing.

## JURISDICTION AND VENUE

2. This action arises under the Constitution and law of the United States, particularly the Fourteenth Amendment to the Constitution, providing this Court with jurisdiction under 28 U.S.C. § 1331.

3. This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to address the deprivation, under color of state law, of rights, privileges and immunities secured by the Constitution of the United States, particularly the Fourteenth Amendment. Jurisdiction,

therefore, is invoked under 28 U.S.C. § 1343, pursuant to which the Court may grant: a) damages or restitution for the violation of Plaintiffs' Fourteenth Amendment rights in the Heart and Lung Benefits unconstitutionally ceased; b) injunctive relief requiring resumption of the Heart and Lung Benefits and against the attempted future cessation of Heart and Lung Benefits in the absence of a pre-deprivation hearing; and c) reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

4. This is also a case or actual controversy in which Plaintiffs are seeking a declaration of their rights under the Constitution of the United States. Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiffs and grant further necessary or proper relief based thereon, including, under Federal Rule of Civil Procedure 65, injunctive relief.

5. Pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1392, venue is proper in this Court for the following reasons:

    a. A substantial part of the events giving rise to the claim occurred in this Judicial district;

    b. Defendant, City of Scranton, is a political subdivision of the Commonwealth of Pennsylvania and a City of the Second Class A as defined by 53 P.S. § 30101 *et seq.*, and as elected by ordinance in the City Code, Part

I, Chapter 30, adopted by its City Council on September 26, 1979.

## PARTIES

6. The Plaintiff, MICHAEL ALBERT ("Albert"), is an adult individual residing at Scranton, Pennsylvania.

7. The Plaintiff, PETER BALCHUS ("Balchus") is an adult individual residing at Scranton, Pennsylvania.

8. The Plaintiff, JASON CHRISTIANO ("Christiano") is an adult individual residing at Scranton, Pennsylvania.

9. The Plaintiff, KENNETH CZYZYK ("Czyzyk") is an adult individual residing at Scranton, Pennsylvania.

10. The Plaintiff, MICHAEL GRIMES ("Grimes") is an adult individual residing at Scranton, Pennsylvania.

11. The Plaintiff, DAVID GULLONE ("Gullone") is an adult individual residing at Scranton, Pennsylvania.

12. The Plaintiff, EDWARD KOWALYK ("Kowalyk") is an adult individual residing at Scranton, Pennsylvania.

13. The Plaintiff, STEVEN MARINO ("Marino") is an adult individual residing at Scranton, Pennsylvania.

14. The Plaintiff, DELWIN MORGAN ("Morgan") is an adult individual

residing at Scranton, Pennsylvania.

15. The Plaintiff, ROGER J. ROGALEWICZ ("Rogalewicz") is an adult individual residing at Scranton, Pennsylvania.

16. The Defendant, CITY OF SCRANTON ("City"), is a political subdivision of the Commonwealth of Pennsylvania and a City of the Second Class A as defined by 53 P.S. § 30101, as elected by ordinance; and which maintains its business at 340 North Washington Avenue, Scranton, Pennsylvania.

17. The Defendant, CHRISTOPHER A. DOHERTY, is the duly elected Mayor of the City of Scranton.

## FACTS

18. The City, as a City of the Second Class A, is governed by the City of the Second Class A Code ("Code"), 53 P.S. § 30101 *et seq.*

### Michael Albert

19. Albert is a police officer who is and has been employed by the City.

20. Albert was injured while in the course of performing his duties.

21. Albert was, and remains, temporarily unable to perform any duties as a police officer as a result of his injuries.

22. Following the injuries, Albert applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

23. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Albert's Heart and Lung Benefits to $7.25/hour instead of paying his full salary.

24. Albert was neither offered nor given a hearing prior to the reduction.

25. Albert was not afforded a hearing after the reduction of benefits.

### Peter Balchus

26. Balchus is a police officer who is and has been employed by the City.

27. Balchus was injured while in the course of performing his duties.

28. Balchus was, and remains, temporarily unable to perform any duties as a police officer as a result of his injuries.

29. Following his injuries, Balchus applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

30. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Balchus's Heart and Lung Benefits to $7.25/hour instead of paying his full salary.

31. Balchus was neither offered nor given a hearing prior to the reduction.

32. Balchus was not afforded a hearing after the reduction of benefits.

### Jason Christiano

33. Christiano is a police officer who is and has been employed by the City.

34. Christiano was injured while in the course of performing his duties.

6

35. Christiano was, and remains, temporarily unable to perform any duties as a police officer as a result of his injuries.

36. Following his injuries, Christiano applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

37. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Christiano's Heart and Lung Benefits to $7.25/hour instead of paying his full salary.

38. Christiano was neither offered nor given a hearing prior to the reduction.

39. Christiano was not afforded a hearing after the reduction of benefits.

### Kenneth Czyzyk

40. Czyzyk is a fire fighter who is and has been employed by the City.

41. Czyzyk was injured while in the course of performing his duties.

42. Czyzyk was, and remains, temporarily unable to perform any duties as a fire fighter as a result of his injuries.

43. Following his injuries, Czyzyk applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

44. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Czyzyk's Heart and Lung benefits to $7.25/hour instead of paying his full salary.

45. Czyzyk was neither offered nor given a hearing prior to the reduction.

46. Czyzyk was not afforded a hearing after the reduction of benefits.

## Michael Grimes

47. Grimes is a fire fighter who is and has been employed by the City.

48. Grimes was injured while in the course of performing his duties.

49. Grimes was, and remains, temporarily unable to perform any duties as a fire fighter as a result of his injuries.

50. Following his injuries, Grimes applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

51. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Grimes' Heart and Lung benefits to $7.25/hour instead of paying his full salary.

52. Grimes was neither offered nor given a hearing prior to the reduction.

53. Grimes was not afforded a hearing after the reduction of benefits.

## David Gullone

54. Gullone is a police officer who is and has been employed by the City.

55. Gullone was injured while in the course of performing his duties.

56. Gullone was, and remains, temporarily unable to perform any duties as a police officer as a result of his work injuries.

57. Following his injuries, Gullone applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

58. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Gullone's Heart and Lung benefits to $7.25/hour instead of paying his full salary.

59. Gullone was neither offered nor given a hearing prior to the reduction.

60. Gullone was not afforded a hearing after the reduction of benefits.

### Edward Kowalyk

61. Kowalyk is a police officer who is and has been employed by the City.

62. Kowalyk was injured while in the course of performing his duties.

63. Kowalyk was, and remains, temporarily unable to perform any duties as a police officer as a result of his work injuries.

64. Following his injuries, Kowalyk applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

65. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Kowalyk's Heart and Lung benefits to $7.25/hour instead of paying his full salary.

66. Kowalyk was neither offered nor given a hearing prior to the reduction.

67. Kowalyk was not afforded a hearing after the reduction of benefits.

### Steven Marino

68. Marino is a police officer who is and has been employed by the City.

69. Marino was injured while in the course of performing his duties.

70. Marino was, and remains, temporarily unable to perform any duties as a police officer as a result of his work injuries.

71. Following his injuries, Marino applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

72. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Marino's Heart and Lung benefits to $7.25/hour instead of paying his full salary.

73. Marino was neither offered nor given a hearing prior to the reduction.

74. Marino was not afforded a hearing after the reduction of benefits.

## Delwin Morgan

75. Morgan is a police officer who is and has been employed by the City.

76. Morgan was injured while in the course of performing his duties.

77. Morgan was, and remains, temporarily unable to perform any duties as a police officer as a result of his work injuries.

78. Following his injuries, Morgan applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

79. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Morgan's Heart and Lung benefits to $7.25/hour instead of paying his full salary.

80. Morgan was neither offered nor given a hearing prior to the reduction.

81. Morgan was not afforded a hearing after the reduction of benefits.

### Roger J. Rogalewicz

82. Rogalewicz is a fire fighter who is and has been employed by the City.

83. Rogalewicz was injured while in the course of performing his duties.

84. Rogalewicz was, and remains, temporarily unable to perform any duties as a fire fighter as a result of his work injuries.

85. Following his injuries, Rogalewicz applied for and was granted disability benefits pursuant to the Pennsylvania Heart and Lung Act, 53 P.S. § 637.

86. On or about June 16, 2012, the City, unilaterally and without any notice, reduced Rogalewicz's Heart and Lung benefits to $7.25/hour instead of paying his full salary.

87. Rogalewicz was neither offered nor given a hearing prior to the reduction.

88. Rogalewicz was not afforded a hearing after the reduction of benefits.

## CLAIMS FOR RELIEF

**(Violations of 42 U.S.C. § 1983 and the United States Constitution)**

89. Plaintiffs incorporate paragraphs 1 through 88 by reference as if set forth in full.

90. The Fourteenth Amendment provides that "[n]o state shall…deprive any person of…property, without due process of law." U.S. Constitution Amendment XIV, § 1.

91. The essential principle of procedural due process is that a deprivation of property should be preceded by "notice and opportunity for a hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 at 542, 105 S.Ct. 1487 at 1493 (1985).

92. Plaintiffs have a property interest in continued Heart and Lung Benefit payments.

93. The acts Defendants have undertaken and will undertake were and will continue to be done without providing Plaintiffs with a hearing.

94. Accordingly, Plaintiffs have been deprived of any meaningful opportunity to be heard.

95. Defendants have failed to comply with the Fourteenth Amendment to the United States Constitution.

96. Said acts by Defendants have caused, and, unless enjoined, will continue to cause, immediate, substantial and irreparable harm to Plaintiffs, the amount of which harm cannot be immediately ascertained, in that Plaintiffs' Constitutional rights have been and will be violated, they will

suffer significant losses of income, and Defendants' acts have caused Plaintiffs emotional distress.

97. Plaintiffs have no adequate remedy at law.

98. As to each item of relief requested, greater injury will be inflicted upon Plaintiffs by the denial of relief than will be inflicted upon Defendants by the granting of relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby respectfully requests that this Court:

A. Issue a special injunction and permanent injunction, enjoining and restraining Defendants, their agents, employees and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf from withholding Heart and Lung Benefits from Plaintiffs and/or requiring Plaintiffs to use sick time to cover their absences from work as the result of their work related injuries;

B. Order Defendants to make Plaintiffs whole for any and all deductions from their sick leave bank;

C. Make Plaintiffs whole for all Heart and Lung Benefits improperly withheld;

D. Award Plaintiffs damages for emotional distress and any other injuries caused by Defendants' acts;

E. Award Plaintiff reasonable attorneys' fees and costs, pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988;

F. Grant such other relief as may be deemed necessary and proper.

Respectfully submitted,

**JENNINGS SIGMOND, P.C.**

/s/ JUDITH A. SZNYTER
RICHARD DI STEFANO, ESQUIRE
Attorney I.D. No. 43740
rdistefano@jslex.com
JUDITH A. SZNYTER, ESQUIRE
Attorney I.D. No. 91135
jsznyter@jslex.com
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0670
Attorney for Plaintiff

Dated: July 10, 2012